**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1137-18T3

GLENN FODOR,

    Plaintiff-Appellant,

v.

TOWNSHIP OF ALEXANDRIA
LAND USE BOARD and CELLCO
PARTNERSHIP, d/b/a VERIZON
WIRELESS,

    Defendants-Respondents.

_____

Submitted January 13, 2020 – Decided January 29, 2020

Before Judges Sabatino and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Hunterdon County, Docket No. L-0051-18.

Carter Van Rensselaer & Caldwell, attorneys for appellant (William J. Caldwell, on the brief).

Gianos & Phillips, LLC, attorneys for respondent Township of Alexandria Land Use Board (Mark W. Phillips, on the brief).

Hiering Dupignac Stanzione & Dunn PC, attorneys for respondent Cellco Partnership (Michael R. Beck, on the brief).

PER CURIAM

Appellant Glenn Fodor opposes the placement of cellular communications antennas on a power line tower adjoining his property in Alexandria Township. He appeals the Law Division's September 26, 2018 order dismissing his complaint in lieu of prerogative writs, which sought to nullify the Township Land Use Board's approval of plans and variances for the project. We affirm.

Briefly stated, the project is being pursued by defendant Cellco Partnership, doing business as Verizon Wireless ("Verizon"), in order to improve the quality of Verizon's cellular service in the area. The existing tower, owned by a power company, is approximately 150 feet high. The twelve antennas would extend an additional twenty-one-and-a-half feet on top of the structure. The modified tower, including a three-foot lightning rod, would be approximately 174 feet high.

In March 2016, Verizon filed an application with the Township's then-existing Zoning Board of Adjustment ("the Zoning Board") seeking a conditional use variance, height variance, and certain bulk variances for the

project.  The application included an attached equipment shelter requiring its own variances.

The Zoning Board held seven sessions between June 2016 and June 2017 to consider Verizon's application.  Verizon presented numerous witnesses, including experts in the fields of radio frequency communications, environmental permitting and professional planning.  Fodor appeared in opposition to the application, arguing to the Zoning Board the application was procedurally flawed and substantively unsound.  Among other things, Fodor disputed the need for the project, and contended Verizon had not sufficiently considered other locations to erect the antennas.

On June 1, 2017, the Zoning Board voted four-to-two to approve the requested variances.  However, that margin of approval was inadequate to authorize the "subsection (d)" component of the variances, because it required the "affirmative vote of at least five members" of a municipal land use board under the Municipal Land Use Law ("MLUL").  N.J.S.A. 40:55D-70(d).

Shortly thereafter, through ordinance, the Township dissolved the Zoning Board and created a new Land Use Board. The new board assumed all of the powers, duties, and responsibilities of the prior Zoning Board.[1]

In September 2017, Verizon filed suit in the Law Division, challenging the denial of its application as arbitrary, capricious, and unreasonable. Negotiations between Verizon and the Land Use Board ensued. Those discussions resulted in a settlement, in which Verizon agreed to modify its plans in certain respects. Consequently, on November 1, 2017, Verizon and the Land Use Board entered into a consent order dismissing the Law Division litigation and remanding the matter to the Land Use Board to consider Verizon's modified site plan and variance requests.

After appropriate notices were issued, the Land Use Board conducted a public hearing on December 21, 2017 concerning the proposed settlement, in accordance with the procedures prescribed by Whispering Woods v. Middletown Twp. Planning Bd., 220 N.J. Super. 161 (Law Div. 1987). As part of that process, the Land Use Board reviewed transcripts of the earlier proceedings before the Zoning Board. No additional testimony was presented.

---

[1] There is no indication or claim in the record that the Township's reorganization was prompted by Verizon's application.

Again Fodor appeared, this time through counsel, and objected to the application. The Land Use Board unanimously approved the application following the hearing.

Fodor then filed his present lawsuit to set aside the approval. After considering extensive submissions and oral argument, the trial court dismissed Fodor's complaint, finding it lacked merit. As part of its analysis, the court determined that the core procedural elements of <u>Whispering Woods</u> were satisfied. The court also noted the "substantial uncontroverted expert testimony" in favor of the project, and the "significant changes" that Verizon made to the plans after failing to garner the necessary votes before the Zoning Board. The court concluded, based on the record, that the Land Use Board's approval was neither arbitrary nor capricious.

In this ensuing appeal, Fodor presents a litany of arguments under state and federal law, contending the trial court erred in dismissing his complaint. Among other things, he contends: (1) the Zoning Board's initial non-approval of Verizon's application was presumptively correct and should not have been superseded; (2) the reconstituted Land Use Board applied the wrong standards; (3) the Land Use Board misapplied federal decisional law; and (4) the settlement hearing did not comply with the procedural requirements of <u>Whispering Woods</u>.

Fodor presents a variety of other arguments and sub-arguments. Respondents Verizon and the Land Use Board urge that we uphold the trial court's decision.

Having considered the parties' arguments and counterarguments in light of the record and the applicable law, we affirm the trial court's decision. We do so substantially for the sound reasons expressed in Judge Michael F. O'Neill's bench opinion dated September 26, 2018. We add only a few brief comments.

We agree with Judge O'Neill that there were no procedural defects in the process that produced the Land Use Board's approval of the settlement. We reject Fodor's argument that the Land Use Board was obligated to give special deference to the Zoning Board's earlier non-approval, a proposition repudiated in Friends of Peapack-Gladstone v. Borough of Peapack-Gladstone Land Use Board, 407 N.J. Super. 404, 421 (App. Div. 2009). The Land Use Board was entitled to consider Verizon's modified application anew, after the appropriate public notice and hearing that was provided. The ultimate approval was duly memorialized in a detailed twenty-page resolution, the terms of which were carefully reviewed and ratified by the trial court.

We also discern no persuasive reasons to set aside the settlement and the Land Use Board's approval on the merits. As Judge O'Neill reasonably found, there is ample expert and other evidence in the record establishing the required

criteria for relief under the MLUL. Case law has established that cellular towers, although they are not "inherently beneficial," are nonetheless a favored use. Smart SMR of New York, Inc., v. Borough of Fair Lawn Bd. of Adjustment, 152 N.J. 309, 329 (1998). In particular, telecommunication antennas appended to preexisting structures have generally been considered in a more favorable light under land use principles than the construction of new towers. Id. at 331.

We are satisfied the record amply supports the Land Use Board's finding that Verizon fairly considered alternative locations, and that the project would enhance the cellular service and coverage in the area. Nothing in federal law cited by Fodor compels a contrary result. Moreover, the Board's special familiarity with local conditions in the municipality deserves our judicial deference. Friends of Peapack-Gladstone, 407 N.J. Super. at 424.

To the extent we have not discussed then, Fodor's remaining arguments lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1137-18T3